```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


State of New York, et al.,       :

        Plaintiffs,              :

   v.                            :   Case No. 2:04-cv-1098

American Electric Power Service  :   JUDGE SARGUS
Corporation, et al.,
                                 :
        Defendants,
                                 :
   and
                                 :
United States of America,
                                 :
        Plaintiff,
                                 :
   v.                                Case No. 2:05-cv-0360
                                 :
American Electric Power Service      JUDGE FROST
Corp., et al.,                   :

        Defendants.              :
```

<u>ORDER</u>

These two actions were filed under the Clean Air Act by, respectively, the States of New York, New Jersey, Connecticut, Vermont, New Hampshire, Maryland, and the Commonwealth of Massachusetts, and by the United States of America.  The defendants in each case are the same.  In Case No. 2:04-cv-1098, the plaintiffs assert violations of certain EPA regulations with respect to four separate power-generating units operated by the defendants, including Unit 2 at the Amos Plant and Units 4, 5, and 6 at the Conesville Plant.  The action filed by the United States asserts the same violations with respect to Amos Unit 2 and Conesville Units 5 and 6 but does not allege violations with respect to Conesville Unit 4.

The United States filed a motion in Case No. 2:05-cv-360 to consolidate that case with Case No. 2:04-cv-1098. Responsive and reply memoranda have been filed in both cases. For the following reasons, the motion to consolidate will be granted.

Consolidation of cases is provided for in Fed.R.Civ.P. 42(a), which provides, in pertinent part, that the Court may order consolidation of "actions involving a common question of law or fact...." The underlying purpose of the Rule is to promote economy in the administration of justice. Feldman v. Hanley, 49 F.R.D. 48 (S.D.N.Y. 1969). Any savings of litigant and judicial resources achieved by consolidation must be balanced against any prejudice to the parties, including potential confusion of the issues, which might result from consolidation. Arroyo v. Chardon, 90 F.R.D. 603 (D.P.R. 1981). It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request. Thayer v. Shearson, Loeb, Rhoades, Inc., 99 F.R.D. 522 (W.D.N.Y. 1983). Rather, as long as there are some common questions of either law or fact, the Court has the flexibility under Rule 42 to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources. Brewer v. Republic Steel Corp., 64 F.R.D. 591 (N.D. Ohio 1974), aff'd 513 F.2d 1222 (6th Cir. 1975).

Here, the defendants' arguments against consolidation appear to miss the primary point advanced by the United States, which is that, with the exception of Conesville Unit 4, the claims asserted in each case are essentially identical. Rather, because plaintiffs also suggest that assignment of Case No. 2:05-cv-360 to Judge Sargus would be appropriate because of his familiarity with issues raised in Case No. 2:99-cv-1182 and 2:99-cv-1250 (also Clean Air Act cases involving other generating units

operated by the defendants), he should be the Judge assigned to this case as well.  The defendants' response argues at length that the issues raised in 2:05-cv-360 are not the same as the issues raised in 2:99-cv-1182 and 2:99-cv-1250.

The defendants' arguments might be well-taken if the motion to consolidate asks the Court to combine either Case Nos. 2:04-cv-1098 or 2:05-cv-360 with the 1999 actions.  It does not.  Rather, it simply requests that the two later-filed actions be consolidated with each other.  Because the issues in those cases are similar if not identical, because it would be a more effective utilization of judicial resources to have the cases proceed in front of the same judicial officers, and because no substantial opposition to that consolidation has been advanced by defendants, the cases will be consolidated.  The consolidation necessarily means that Judge Sargus will be the Judge assigned to the consolidated actions, because it is the practice in this District to have consolidated cases proceed before the first-assigned District Judge, who, in this situation, is Judge Sargus.  Application of that rule makes it unnecessary to address the argument about the assignment of later-filed Clean Air Act cases involving issues similar to cases 2:99-cv-1182 and 2:99-cv-1250 to Judge Sargus.

Based upon the foregoing, the motion of United States, filed in Case No. 2:05-cv-360, to consolidate (#15) is granted.  Cases 2:04-cv-1098 and 2:05-cv-360 are consolidated.  All future filings shall be made in both actions, but the case will proceed before the judicial officers assigned to Case No. 2:04-cv-1098.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and

replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

>/s/ Terence P. Kemp
>United States Magistrate Judge