UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF OHIO
EASTERN DIVISION

**STATE OF NEW YORK, et al.,**

    **Plaintiffs,**

    v.

**AMERICAN ELECTRIC POWER
SERVICE CORP., et al.,**

    **Defendants.**

Case No. 2:04-cv-1098
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**AMERICAN ELECTRIC POWER
SERVICE CORP., et al.,**

    **Defendants.**

Case No. 2:05-cv-360
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

These consolidated actions are before the Court for consideration of a motion to compel (Doc. # 42) filed by Plaintiffs, a memorandum in opposition (Doc. # 44) filed by Defendants, and a reply memorandum (Doc. # 46) filed by Plaintiffs.[1] For the reasons that follow, the Court finds the motion to compel well taken.

Federal Rule of Civil Procedure 37 authorizes a motion to compel discovery when a

---

[1] For ease of reference, the Court will refer to the document numbers in Case No. 2:04-cv-1098. This Order also applies to the corresponding documents filed in Case No. 2:05-cv-360. (Docs. # 37, 40, 42.)

1

party fails to answer interrogatories submitted under Rule 33 or to provide a proper response to requests for production of documents under Rule 34. Rule 37(a) expressly provides that a "party, upon reasonable notice to other parties . . . may apply for an order compelling disclosure or discovery . . . ." *See also* S.D. Ohio Civ. R. 37.1. The application for the order compelling discovery made by "motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." *Id. See also* S.D. Ohio Civ. R. 37.2.

Leslie Bellas, counsel for the United States, has submitted a declaration in which she states under penalty of perjury that Plaintiffs have requested eight documents relating to projections involving the Conesville Units 5 and 6.[2] Bellas has described Plaintiffs' attempts to obtain these documents via discovery and notes Defendants' continued election to withhold these documents under a claim of privileged material. Invoking the attorney-client privilege,[3] Defendants characterize the documents in question as the product of a request by legal counsel made in order for that counsel to provide legal advice. Plaintiffs ask this Court to compel the disclosure of these documents on the grounds that the documents target relevant issues, including Defendants' defenses.

The Court has reviewed the argument and authority cited by counsel, as well as the submitted exhibits, and concludes that portions of the material sought are discoverable. *See*

---

[2] The State Plaintiffs properly join this motion because claim two of the Complaint in Case No. 2:04-cv-1098 involves the Conesville facility located in Ohio. Claim one, which is subject to dismissal if the Court denies the pending motion for reconsideration, involves the Amos facility located in West Virginia.

[3] Defendants expressly do not assert protection under the work product privilege. (Doc. # 44, at 3 n.5.)

*Pacific Gas and Elec. Co. v. United States*, 69 Fed. Cl. 784, 810-12 (2006) (presenting overview of corporate invocation of attorney-client privilege). The projections contained within the unprivileged aspects of the documents will be based on underlying facts that can potentially inform this litigation and possibly lead to the discovery of other relevant information. Moreover, the conclusory and often vague privilege log precludes this Court from assessing the applicability of the privilege in favor of Defendants.

The Court therefore **GRANTS** the motion to compel. (Doc. # 42.) By June 2, 2006, Defendants shall file under seal with the Court (1) *unredacted* versions of the requested documents relating to Conesville Units 5 and 6, and (2) versions of those same documents containing *suggested redactions* eliminating any and all portions of the documents containing or referring to communications with counsel so that no substantive legal communications would be disclosed. The suggested redactions should leave untouched those portions of the documents containing factual material. The Court will then conduct an *in camera* review of the documents and will redact all nondiscoverable material before turning the documents over to Plaintiffs.

**IT IS SO ORDERED**.

                                                s/ Gregory L. Frost
                                                GREGORY L. FROST
                                                UNITED STATES DISTRICT JUDGE