UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF OHIO
EASTERN DIVISION

**STATE OF NEW YORK, et al.,**

       **Plaintiffs,**                                Case No. 2:04-cv-1098
                                                        JUDGE GREGORY L. FROST
      v.                                            Magistrate Judge Norah McCann King

**AMERICAN ELECTRIC POWER**
**SERVICE CORP., et al.,**

       **Defendants.**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**                                  Case No. 2:05-cv-360
                                                        JUDGE GREGORY L. FROST
      v.                                            Magistrate Judge Norah McCann King

**AMERICAN ELECTRIC POWER**
**SERVICE CORP., et al.,**

       **Defendants.**

## OPINION AND ORDER

These consolidated actions are before the Court for consideration of a motion for reconsideration (Doc. # 41) filed by the State Plaintiffs in Case No. 2:04-cv-1098, a memorandum in opposition (Doc. # 43) filed by Defendants, and a reply memorandum (Doc. # 45) filed by the State Plaintiffs.  For the reasons that follow, the Court finds the motion for reconsideration not well taken.

On March 29, 2006, this Court issued an interlocutory Opinion and Order in which it concluded that venue was improper in regard to Claim One because this District was not the requisite judicial district described in 42 U.S.C. § 7604(c)(1).  Recognizing that the parties might desire to try all potential claims in this single forum, the Court stayed that decision.  The Court

1

then held a status conference at which Defendants declined to agree to venue for the West Virginia claim asserted by the State Plaintiffs in Case No. 2:04-cv-1098.  The Court continued the stay of the relevant portion of its March 29, 2006 Opinion and Order while the parties conferred on possible resolutions to the venue issue.  (Doc. # 39.)  Not surprisingly, the parties were unable to reach an agreement on the venue issue.

As the Court explained in its prior decision, the permit for modifications described in § 7604(a)(3) falls within the ambit of § 7604(c)(1) via § 7604(f)(4).  The State Plaintiffs argue that this conclusion constitutes a clear error of law for three reasons.

First, the State Plaintiffs posit that § 7604(f) does not apply to modification construction.[1] This contention is based on an unduly narrow reading of the statute and on the assumption that a construction permit cannot constitute a condition of operations while at the same time *not* constituting a continuing violation for each day of operations without a permit.  A condition to modifying an existing facility is the requirement of obtaining a construction permit.[2]  Different requirements then apply to post-construction operation.  Both stages represent a continuum of requirements that, in the broad sense, combine to create a set of conditions for operating a facility that is in compliance with the law (i.e., in modification cases, the former is always a prerequisite to the latter).  But the initial construction permit is a threshold requirement that once

---

[1] The parties continually refer to the Act provisions and, at least in the case of the State Plaintiffs, often annoyingly without citing the corresponding statutory provision (e.g., citing § 304(f) instead of § 7604(f)).  In all future filings, the parties shall refer to the statutory sections as enacted and published in the United States Code and not the Act sections.

[2] As Defendants correctly note in their memorandum in opposition, the requisite installation of best available control technology constitutes an emission limitation.  (Doc. # 43, at 11.)

violated cannot be undone during subsequent operation. In other words, an operator can violate the statutory scheme by failing to obtain a construction permit and making modifications. The violation of that permit requirement constitutes a cause of action that cannot be unrung. It can also not be repeated, because there is no receiving a permit after-the-fact to excuse the initial violation. Subsequent operation of the violative facility therefore does not serve to repeat or continue the completed violation, but rather serves to introduce new causes of action based on related but nonetheless distinct operating violations of other requirements constituting separate causes of action. The State Plaintiffs' first ground for reconsideration is thus unpersuasive.[3]

Second, the State Plaintiffs inexplicably argue that § 7604(f)(3) does not apply to their action. As they note in their motion for reconsideration, the Court did not assert that it did. (Doc. # 41, at 12.) The Court therefore need not and does not reconsider a decision that was never made, and the Court regrets the waste of its time in considering the briefing on the non-issue.

Third, the State Plaintiffs essentially contend that the differences between the venue provision of the Clean Air Act and the notice provision are immaterial because years separate the enactment of these provisions. This dubious logic turns statutory construction on its head. It ignores the plain meaning, however ultimately curious in effect, of the statutory language. It also asserts that Congress did not know what it was doing when it enacted the various provisions

---

[3] The Court notes the State Plaintiffs' reliance on the *Duke* cases, but disagrees that these cases compel reconsideration here. Moreover, although the United States Supreme Court granted *certiorari* over portions of the second *Duke* decision on May 15, 2006, it does not appear that the statute of limitations issue will be involved. *Environmental Defense v. Duke Energy Corp.*, No. 05-848, ___ U.S. ___, 2006 WL 1310699 (May 15, 2006).

of the statutory scheme; the State Plaintiffs' rationale is implicitly based on disbelief.  Because they cannot believe that Congress would have intended the result created by the statutory scheme, they assert that Congress could not and did not effectuate such a scheme (or perhaps that such a scheme is accidental and thus is subject to being permissibly, selectively disregarded?).  But this Court assumes that Congress understood its own statute.  Perceived sloppiness is not cause for ignoring that which was enacted in favor of that which a party wishes were enacted.

The permit for construction modifications is not an operating regulatory scheme, but it is a permit scheme that affects emissions.  This conclusion is not discordant as the State Plaintiffs posit.  Rather, the construction-permit violation is a one-time violation that carries a five-year statute of limitations, while continued operation gives rise to distinct potential causes of action.

The permit scheme involved here may be "illogical" insofar as it is not a scheme that the parties or this Court might have devised, but the results of the Court's prior decisions are legally and thus logically consistent.  There is no clear error of law.  Accordingly, the Court **DENIES** the motion for reconsideration.  (Doc. # 41.)  The Court's prior March 29, 2006 decision on the venue issue in regard to the State Plaintiffs' West Virginia claim is thus no longer dicta subject to withdrawal and is now formally implemented by order of this Court.  (Doc. # 39.)  The Court thus **GRANTS** the motion to dismiss (Doc. # 22), **DISMISSES WITHOUT PREJUDICE** Count One of the Complaint, and **DISMISSES** APCo as a party to Case No. 2:04-cv-1098.

    **IT IS SO ORDERED**.

                                                   s/ Gregory L. Frost
                                                  GREGORY L. FROST
                                                  UNITED STATES DISTRICT JUDGE