**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT COURT OF OHIO**
**EASTERN DIVISION**

**STATE OF NEW YORK, et al.,**

      **Plaintiffs,**        Case No. 2:04-cv-1098
                                           JUDGE GREGORY L. FROST
      **v.**        Magistrate Judge Norah McCann King

**AMERICAN ELECTRIC POWER**
**SERVICE CORP., et al.,**

      **Defendants.**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**        Case No. 2:05-cv-360
                                        JUDGE GREGORY L. FROST
      **v.**        Magistrate Judge Norah McCann King

**AMERICAN ELECTRIC POWER**
**SERVICE CORP., et al.,**

      **Defendants.**

## OPINION AND ORDER

These consolidated cases are before the Court for consideration of Defendants' motion for partial summary judgment (Doc. # 54), the State Plaintiffs' memorandum in opposition (Doc. # 63), the United States' memorandum in opposition (Doc. # 61 in 2:05-cv-360), and Defendants' reply memorandum (Doc. # 64).[1]  For the reasons that follow, the Court finds the motion not well taken.

---

[1] With the exception of the United States' memorandum in opposition, which was improperly filed in *only* Case No. 2:05-cv-360, the Court shall for ease of reference refer only to the document numbers in Case No. 2:04-cv-1098.  This Opinion and Order of course relates to the corresponding documents filed in Case No. 2:05-cv-360.

## I. Background

As this Court has recognized in previous orders, the captioned two consolidated cases both involve alleged Clean Air Act violations by Defendants American Electric Power Service Corporation and Columbus Southern Power Company.[2]  In Case No. 2:04-cv-1098, the Commonwealth of Massachusetts and the states of New York , Connecticut, New Jersey, Vermont, New Hampshire, Maryland, and Rhode Island ("the State Plaintiffs") assert that the foregoing defendants unlawfully modified electric generating units that they continue to operate.  In Case No. 2:05-cv-360, the United States asserts a similar action against the same defendants for the same violations.

During an April 5, 2006 status conference/preliminary pretrial conference, the parties proposed to the Court that they file briefs seeking interpretive decisions on issues of law, apart from the facts.  The Court agreed to consider such a motion, resulting in the filing of Defendants' July 3, 2006 motion for partial summary judgment.  (Doc. # 54.)  The parties have completed briefing on the motion, which is ripe for disposition.[3]

---

[2]  Appalachian Power Company was previously a defendant in 2:04-cv-1098 until its dismissal for improper venue.  (Docs. # 39, 48.)

[3]  The Court recognizes that the United States notes that the Court may elect to wait for a decision in a similar case in this District, Case No. 2:99-cv-1182.  (Doc. # 61, at 3 in 2:05-cv-360.)  Because that case can only provide persuasive authority and because the Court has conducted its own independent analysis of the routine maintenance exemption issue, the Court sees no need to wait here for a decision in that case.

## II. Discussion

### A. Standard Involved

Partial summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court may therefore grant a motion for partial summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Products, Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**B.  Analysis**

The crux of the parties' debate is whether Defendants' equipment replacement projects fall within the routine maintenance, repair, or replacement exclusion so as to not fall under the "modifications" category invoking the New Source Review ("NSR") regulations.  Defendants posit that the applicable standard is whether the replacement work is routine within the relevant industry, while Plaintiffs argue that the correct standard is to examine the exemption's applicability on a case-by-case basis by considering the nature and extent of the activity, the activity's purpose, its frequency, and its cost.

Having considered the parties' arguments, this Court agrees with the relevant analysis contained in the line of persuasive-authority cases including *United States v. Ohio Edison Company*, 276 F. Supp. 2d 829 (S.D. Ohio 2003).  The Court therefore expressly adopts and incorporates the relevant portions of the August 7, 2003 Opinion and Order in *Ohio Edison*, which presents a persuasive rationale for rejecting Defendants' position that this Court need not and does not unnecessarily repeat in full here.  *See also New York v. E.P.A.*, 443 F.3d 880 (D.C. Cir. 2006); *Wisconsin Elec. Power Co. v. Reilly*, 893 F.2d 901 (7th Cir. 1990).  The Court thus concludes that the multi-factored, case-by-case approach is the correct standard, with industry practices necessarily informing that inquiry.

The Court recognizes that Defendants have argued that the Environmental Protection Agency has altered its position over time.  The Court has wrestled with this argument in light of the posture of the motion before the Court–a summary judgment motion–and has concluded that, as the United States effectively points out in its memorandum in opposition, Defendants' summary judgment evidence must be considered in context.  The necessary context of the

various statements, including the 1992 preamble, support the holding of *Ohio Edison*. Although select portions of text yield some support for Defendants' position, that text must be read within the context of the communication and its intended purpose and function, as well as part of the overarching framework of several years practices to which the United States directs this Court.

Congress has defined "modification" to mean "any physical change in, or change in the method of operation of, a stationary source which increases the amount of any air pollutant emitted by such source." 42 U.S.C. § 7479(2)(C) & 7501(4). The routine maintenance, repair, and replacement exemption targets a *narrow* scope of activity that produces *de minimis* emission effects and not potentially infrequent physical changes as determined by the very industry that the statutory scheme targets. To conclude otherwise and consider *only* industry practices would be to ignore the plain language of the statutory regulations by judicially erecting a curious scheme in which the regulated determine the applicability of the regulations without an indication of supporting legislative intent. Such a construction would in fact thwart legislative intent, and it is the intent of Congress and the plain language of the statutes, the implemented regulations, and the Environmental Protection Agency interpretation that control.

### III.  Conclusion

The Court **DENIES** Defendants' motion for partial summary judgment. (Doc. # 54.) The Court recognizes that the parties intend for this interlocutory decision to control the subsequent merits-based summary judgment briefing due in March 2007. The Court is also aware, however, that the United States Supreme Court's forthcoming decision in *Environmental Defense v. Duke Energy Corporation*, No. 05-848, may substantially affect the parties' positions and dispositive motion briefing. Although cognizant of the consequent potential for wasted

time, effort and expense, the Court is not inclined to *sua sponte* stay this litigation if no party shares such pragmatic concerns.  Accordingly, should a party so desire, this Court will entertain a motion to stay the current case schedule based on *Duke Energy* if such a motion is filed prior to the March 15, 2007 summary judgment deadline.

    **IT IS SO ORDERED**.

                                                            s/ Gregory L. Frost
                                                 GREGORY L. FROST
                                                 UNITED STATES DISTRICT JUDGE